COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

January 29, 2016

David M. Fry, Esquire
Shaw Keller LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801

Andrew D. Cordo, Esquire
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE 19801

Re: *Avaya, Inc. v. Charter Communications Holding Company, LLC*
C.A. No. 10568-VCN
Date Submitted: October 23, 2015

Dear Counsel:

The issue for decision is framed at the intersection of Court of Chancery Rule 41(a)(2), addressing voluntary dismissal of an action after the defendant has answered, and the Master Purchase/Service Agreement (the "MPSA"),[1] an agreement between Plaintiff Avaya, Inc. ("Avaya") and Defendant Charter Communications Holding Company, LLC ("Charter") which contains a provision that, under certain conditions, enables the prevailing party in a dispute arising under the MPSA to recover its attorneys' fees and expenses.

---

[1] Def.'s Br. in Opp'n to the Pl.'s Mot. for Voluntary Dismissal Without Prejudice Ex. A (MPSA).

An abbreviated background is necessary to understand how the parties arrived at this juncture. In 2001, Avaya and Charter entered into the MPSA under which Charter purchased equipment from Avaya. Avaya agreed to defend or indemnify Charter in patent infringement actions relating to the equipment that Charter purchased from Avaya. In 2006, a patent infringement suit involving Avaya equipment was filed against Charter. Charter sought defense and indemnification; Avaya denied the request.

About six years later, Charter sought to mediate its indemnification claims; mediation was a precondition imposed by the MPSA to filing suit. Avaya commenced the first suit in the Delaware Superior Court; Charter then filed in New Jersey. While the venue dispute was litigated in the two courts, Avaya filed this action seeking to preclude Charter from litigating in New Jersey; that effort, if successful, would have protected its assertion of venue in Delaware. Charter answered the Complaint. The Delaware Superior Court granted Charter's motion to stay in favor of the New Jersey action. As a practical matter, that ended the venue dispute.

Avaya sought Charter's agreement to a voluntary dismissal because this action was effectively mooted. Charter, which had moved for judgment on the pleadings, wanted dismissal with prejudice, but, more importantly, it wanted to recover its attorneys' fees and costs incurred in this action. It invoked the "Disputes" provision of the MPSA: "In the event that either party commences any action or proceeding to enforce it's [sic] rights under [the MPSA], the prevailing party shall be entitled to recover its costs and reasonable attorneys' fees."[2]

Because Charter answered the Complaint, the dismissal sought by Avaya is governed by Court of Chancery Rule 41(a)(2) which provides that "an action shall not be dismissed at the plaintiff's insistence save upon order of the Court and upon such terms and conditions as the Court deems proper." The decision to allow a voluntary dismissal is committed to the Court's discretion.[3] The Court must examine whether dismissal would cause Charter "plain legal prejudice;" that effort involves considering factors such as the defendant's litigation efforts and expenses,

---

[2] MPSA § 18(D). The MPSA, with its attorneys' fees provision, is governed by New York law. MPSA § 23(D). Neither party has pointed to a material difference between New York law and Delaware law.

[3] *See, e.g.*, *In re Marriott Hotel Props. II Ltd. P'ship Unitholders Litig.*, 1997 WL 589028, at *6 (Del. Ch. Sept. 17, 1997).

any excessive delay or lack of diligence on the part of plaintiff in prosecuting the action, whether the plaintiff has an appropriate explanation for the dismissal, and whether the defendant has filed a dispositive motion.[4]

Charter starts by arguing that its pending motion for judgment on the pleadings precludes Avaya's attempt to achieve a voluntary dismissal without prejudice. A voluntary dismissal to avoid an adverse result is properly a matter for concern.[5] Because the Delaware Superior Court action has been stayed and the New Jersey action is going forward, however, there is nothing left for the Court to consider in evaluating Avaya's complaint about where the dispute should be resolved. Perhaps there is some abstract, theoretical possibility that Avaya could later come back to this (or some other) court and seek to enjoin Charter from proceeding with its New Jersey action, but that is so speculative (farfetched might be more accurate) that expending judicial resources in resolving such a remote

---

[4] *Draper v. Gardner Defined Plan Trust*, 625 A.2d 859, 863 (Del. 1993).
[5] *Cf. In re Walt Disney Co. Deriv. Litig.*, 1997 WL 118402, at *4 (Del. Ch. Mar. 13, 1997).

dispute is not warranted.[6] Charter faces no cognizable risk that Avaya will reprise its otherwise ill-fated venue efforts, and Avaya's explanation for dismissal—mootness—is appropriate.[7] As to the venue dispute, Charter will not suffer plain legal prejudice from dismissal. Dismissal without prejudice is appropriate.

The more difficult issue arises under the MPSA and its attorneys' fees provision. Charter may fairly be considered the prevailing party in this proceeding because it was "successful."[8] Avaya sought to stop Charter from litigating in New Jersey, and it failed. As the prevailing party, Charter claims entitlement, under the MPSA, to recover its attorneys' fees and costs in this action from Avaya.

---

[6] Charter did expend time, energy and funds to meet Avaya's challenge here. Those considerations, which in some instances might support a dismissal with prejudice, are not compelling here because of the parties' agreement to shift fees.

[7] Charter argues that Avaya never made any showing of irreparable harm that would have justified equitable relief. Perhaps the filing of this action was ill-advised and perhaps Avaya would not have prevailed, but there is no need to address the merits because of events elsewhere that resulted in litigation of the parties' substantive dispute in New Jersey.

[8] *See Black's Law Dictionary* (10th ed. 2014) (defining "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . . — Also termed *successful party*"); *see also Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 471 n.10 (3d Cir. 2000).

Section 18 of the MPSA provides, in pertinent part:

18. DISPUTES

A.      Any controversy or claim, whether based on contract, tort, strict liability, fraud, misrepresentation, or any other legal theory, related directly or indirectly to this Agreement ("Dispute") shall be resolved solely in accordance with the terms of this Section 18.

\* \* \*

D.      In the event that either party commences any action or proceeding to enforce it's [sic] rights under this Agreement, the prevailing party shall be entitled to recover its costs and reasonable attorneys' fees.[9]

This action, or dispute, plainly relates to the MPSA; it was brought to address where contractual claims under the MPSA would be resolved.[10]  If this were the only action, dismissal would not be warranted without first determining a fee award to Charter.  The question is whether piecemeal fee awards should be made

---

[9] Under New York law, "a written agreement that is complete, clear and unambiguous on its fact must be enforced according to the plain meaning of its terms."  *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. Ct. App. 2002) (citations omitted).

[10] This controversy about where to litigate a contractual claim under the MPSA is related, if not directly, then certainly indirectly to the MPSA and is based, if not in contract, then on "any other legal theory," all falling within the subsection of the MPSA that defines the applicability of the dispute resolution procedures. MPSA § 18(A).

in each of the several actions or whether the fees should wait until the outcome of the substantive litigation in New Jersey. For example, if Avaya prevails in the New Jersey litigation, should it recover the fees which it incurred here? This action and the Delaware Superior Court action were part of the overall effort to determine if Avaya must indemnify Charter.

As a general matter, for involved, complicated litigation, waiting until resolution of the merits before shifting attorneys' fees has a common sense appeal. The parties intended to force the loser to pay legal fees. Winning an early venue dust-up was likely not what the parties contemplated when they executed the MPSA.

Yet, this is a matter of contract interpretation and the MPSA triggers the prevailing party's right to recover its attorneys' fees "[i]n the event that either party commences an action or proceeding." That language may be read as requiring a focus on each separate action. The parties agreed upon "any" action; they did not choose a more encompassing reference to substantive dispute conclusion (or the final merits-based litigation outcome).

Avaya cites to *L & W Insurance, Inc. v. Harrington* where the Court, after addressing temporary restraining order and preliminary injunction applications in advance of a final merits determination in the arbitration forum, declined to award attorneys' fees for the initial injunctive efforts and deferred in favor of the arbitrator who would have the opportunity to make the final merits determination and the final attorneys' fees award.[11] The contractual provision in *L & W* calling for an award of attorneys' fees to the prevailing party contained similar language: "If any action be brought by either party to enforce or for damages for breach of any provision of this Agreement, the prevailing party in such action . . . shall be entitled to recover . . . reasonable attorney's fees . . . ."[12] When it denied the preliminary injunction motion, the Court stayed the *L & W* action, pending the outcome of arbitration, and thus, that action was not concluded.[13] By contrast, there is nothing left to be litigated in this action, except possibly attorneys' fees. Moreover, it is common for the Court to become involved with applications for

---

[11] 2007 WL 1756540 (Del. Ch. June 6, 2007).

[12] *Id.* at *1.

[13] *L & W Ins., Inc. v. Harrington*, 2007 WL 809512, at *14 (Del. Ch. Mar. 12, 2007).

interim injunctive relief even though the parties have agreed to arbitrate their dispute. In a sense, the Court's efforts are simply the initial step of the merits-based litigation process that ends with arbitration. Here, although the action was brought to gain an advantage in the merits-based dispute, this Court did not address the underlying merits in any sense, and it would not have addressed them if this proceeding had not been mooted. This action, in contrast to the continuum on which the Court in *L & W* found itself, was a discrete and separate action, even though it certainly was part of the overall broader litigation effort regarding Charter's claims under the MPSA. Avaya chose to pursue this action. Ultimately, the fee shifting language which refers to "any" action cannot readily be construed in these circumstances to require this Court to deny, as a matter of timing at least, Charter's right to an award of attorneys' fees incurred in this action. Even though it may be that waiting for the final outcome of the New Jersey action would be the preferable approach, the Court must honor the language chosen by the parties and in this instance, Avaya agreed to pay Charter, if it prevailed, its legal fees in "any"

action brought as part of an effort to vindicate contractual rights conferred by the

MPSA.[14]

Accordingly, this action is dismissed under Court of Chancery

Rule 41(a)(2), without prejudice, but the Court, as a condition of dismissal, retains

jurisdiction to award attorneys' fees and costs to Charter in accordance with

Section 18(D) of the MPSA.[15]   The parties shall confer on a schedule for

addressing Charter's application for an award of attorneys' fees and costs.

---

[14] The Court may only decide that which it knows about and that which is before it. It is inherently unable to predict the outcome of the merits-based litigation in New Jersey.  At this point, under the terms of the MPSA, Charter is entitled to its attorneys' fees that were incurred in this action.  The question of what happens if Avaya prevails in the New Jersey action on the merits simply is not yet ripe.  The Court has not answered the question of what the New Jersey court should do, if called upon to award fees, with respect to the fees which are addressed in this opinion.  It may be that, if Avaya prevails, the New Jersey court will read the MPSA to anticipate a "truing up" of all the fees incurred in various actions involving this multi-venue dispute.  In sum, the New Jersey court should not view itself as constrained by this decision if it concludes that Avaya, as the overall prevailing party, should not be responsible for attorneys' fees incurred by Charter here or whether Avaya is entitled to be reimbursed by Charter for the fees it incurred in this proceeding.

[15] Court of Chancery Rule 41(a)(2) expressly authorizes the Court to predicate dismissal on "such terms and conditions as [it] deems proper."  *See Richmont Capital P'rs I, L.P. v. J.R. Invs. Corp.*, 2004 WL 1152295, at *2 (Del. Ch. May 20, 2004).

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:    Register in Chancery-K